UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA           :

        - v -                              :   MEMORANDUM DECISION
                                                                AND ORDER
CHRISTIAN GUABA,                   :
                                                                 06 Cr. 987-8 (DC)
         Defendant.                :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

APPEARANCES:    CHRISTIAN GUABA, *pro se*
                Register No. 90095-054 1-2
                Federal Medical Center
                P.O. Box 4000
                Rochester, Minnesota 55903

CHIN, Circuit Judge:

On April 23, 2019, defendant Christian Guaba wrote a letter to this Court *pro se*, referring to docket number 06 Cr. 987-8, to which he appended a *pro se* motion to reduce his sentence because he had accepted responsibility for his crime. On April 25, 2019, Guaba wrote a second *pro se* letter to this Court, referring to docket number 11 Cr. 569-2, to which he appended a *pro se* motion to reduce his sentence in light of Amendment 706 to the United States Sentencing

Guidelines. Due to administrative oversight, Guaba's letters and motions were not docketed.

In case number 06 Cr. 987-8, Guaba pleaded guilty on August 6, 2008, to one count of conspiracy to distribute narcotics, specifically 50 or more grams of "crack" cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A). On April 6, 2009, I sentenced Guaba primarily to 120 months' imprisonment and five years' supervised release. Dkt. No. 71.

In case number 11 Cr. 569-24, on April 22, 2013, Guaba pleaded guilty before the Honorable Paul A. Crotty to one count of use and possession of a firearm in relation to a crime of violence resulting in murder, in violation of 18 U.S.C. § 924(j). Judge Crotty sentenced Guaba primarily to a term of 292 months' imprisonment, to run concurrently with the sentence I imposed in case number 06 Cr. 987-8, to be followed by five years' supervised release, also to run concurrently with the term of supervised release I imposed. *United States v. Guaba*, No. 11 Cr. 569-24 (PAC), Dkt. No. 430, at 2-3.

It appears that Guaba, in filing his motions for sentence reductions, has mixed up the docket numbers of his cases. Therefore, the Court construes Guaba's motion of April 25, filed in case number 11 Cr. 569-2, as a motion on the

instant docket. The Court likewise construes Guaba's motion of April 23 as a motion in case number 11 Cr. 569-24.[1] I lack jurisdiction over the latter docket and respectfully refer Guaba's motion of April 23 to Judge Crotty.[2]

As for the motion before me, Guaba moves for a sentence reduction under Amendment 706 to the United States Sentencing Guidelines, which increased the quantities of controlled substances a defendant must have distributed to receive certain enhancements to the base offense level. Amendment 706 came into force November 1, 2007, and was subsequently declared retroactive. U.S. Sentencing Guidelines Manual app. C, Amendment 706 (Nov. 1, 2007). The Sentencing Commission thereafter adopted Amendment 782, which both increased certain quantities of narcotics associated with enhancements to the base offense level and decreased the base offense level associated with other quantities. *Id.* Amendment 782 (Nov. 1, 2014). Guaba contends that Amendment 706 entitles him to a "two-point reduction" in the base offense level for his crime.

---

[1] The Court notes that Guaba was defendant 24, not 2, in case number 11 Cr. 569.
[2] The Clerk of the Court is respectfully requested to docket Guaba's letter and motion of April 23, 2019, in case number 11 Cr. 569-24, as well as to record Guaba's letter and motion of April 25, 2019, on the docket in this case (06 Cr. 987-8).

Guaba's motion is moot because this Court is unable "to grant any effectual relief whatever." *United States v. Williams*, 475 F.3d 468, 479 (2d Cir. 2007). More than 120 months have elapsed since Guaba's sentencing, and thus the sentence reduction he requests would be without effect. Indeed, 120 months had already run between the date of Guaba's sentencing and the date of his motion. While Guaba remains incarcerated pursuant to the sentence of imprisonment imposed upon him by Judge Crotty, I lack jurisdiction to modify that sentence. As for the five years' supervised release I imposed upon Guaba upon the completion of his term of imprisonment, his motion does not ask for a reduction in that term of the sentence. Such a request would in any case be fruitless, because the statutes under which I sentenced Guaba require a term of at least five years' supervised release when imprisonment is imposed. *See* 21 U.S.C. § 841(b)(1)(A); *United States v. Blackburn*, 461 F.3d 259, 262 (2d Cir. 2006) (holding that a sentencing appeal is moot when the possibility of "imposing a reduced term of supervised release . . . is . . . remote and speculative").

Even were Guaba's motion not moot, he would not be entitled to a sentence reduction. The sentence I imposed on him, 120 months' imprisonment, was and remains the statutory minimum. *See* 21 U.S.C. § 841(b)(1)(A).

Moreover, at the time I sentenced Guaba, Amendment 706 had already been in effect for more than eighteen months. Even if I construe Guaba's request for a "two-point reduction" as a reference to Amendment 782, which indeed decreased various base offense levels by two points, his total offense level would have been 35, which in conjunction with his criminal history category of I would have yielded an advisory Guidelines range of 168 to 210 months' imprisonment. That range is far greater than the sentence I actually imposed.

## CONCLUSION

For the reasons set forth above, Guaba's motion for a further sentence reduction is DENIED as moot.

SO ORDERED.

Dated:   New York, New York
         October 24, 2022

DENNY CHIN
United States Circuit Judge
Sitting by Designation